IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brenda Lee Wallace, | ) | |
| | ) | C/A No. 2:13-1032-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DaVita, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that this Court dismiss this action without prejudice and without issuance and service of process. (Dkt. No. 16). For the reasons set forth below, the Court adopts the R&R as the order of the Court.

## Background

Plaintiff filed this matter *pro se* and *in forma pauperis* alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. This case was referred to a Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e),(g) DSC. Plaintiff's initial complaint contained little information, but indicated she intended to bring a claim for retaliation. (Dkt. No. 1). In response, the Magistrate Judge issued an order directing Plaintiff to provide sufficient facts concerning her claim. The Magistrate Judge warned Plaintiff that failure to provide specific allegations could result in dismissal of her claim. (Dkt. No. 10). Plaintiff then filed another complaint in which she provided somewhat more facts. (Dkt. No. 1-2). The Magistrate Judge then preformed an initial review of the complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge then issued an R&R recommending that this Court dismiss Plaintiff's complaint without

1

prejudice and without issuance of service of process because the complaint failed to state a claim on which relief may be granted.  (Dkt. No. 16) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).  Plaintiff filed no timely objections to the R&R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss an action filed *in forma pauperis* if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status.  This Court is charged with liberally construing the pleadings of a pro se litigant.  *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).  The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Magistrate Judge correctly determined that Plaintiff failed to state a claim for retaliation under Title VII. To state a claim for retaliation, Plaintiff must allege that she engaged in some "protected activity." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 258-59 (4th Cir. 1998). Protected activity includes opposition to treatment which the Plaintiff reasonably believes to be a violation of Title VII. *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 352 (4th Cir. 2006). In Plaintiff's second complaint she stated specifically the names of those to whom she complained, the names of the people who disciplined her after she complained, and the damages she suffered as a result of Defendant's actions. (Dkt. No. 1-2). However, Plaintiff fails to allege any facts explaining how her "complaints" were "protected activity." Therefore, Plaintiff has failed to state a claim for which relief can be granted, and her complaint is properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 16). Accordingly, the Court dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 24, 2013
Charleston, South Carolina